UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
(MILWAUKEE DIVISION)

A. O. SMITH CORPORATION,
a Delaware corporation,

        Plaintiff,

v.

OERLIKON BALZERS COATING USA, INC.,
a Delaware corporation,

FAIRFIELD MANUFACTURING COMPANY,
INC., d/b/a OERLIKON FAIRFIELD,
an Indiana corporation,

and

OERLIKON LEYBOLD VACUUM USA, INC.,
a Delaware corporation,

        Defendants.

Case No. 13-cv-589

## COMPLAINT

Plaintiff A. O. Smith Corporation ("A. O. Smith") for an action against defendants Oerlikon Balzers Coating USA, Inc. ("Oerlikon Balzers"), Fairfield Manufacturing Company, Inc. d/b/a Oerlikon Fairfield ("Oerlikon Fairfield"), and Oerlikon Leybold Vacuum USA, Inc. ("Oerlikon Leybold") (collectively the "Oerlikon Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement arising under the trademark laws of the United States, 15 U.S.C. §§ 1051-1127 and the common law.

## THE PARTIES

2. Plaintiff A. O. Smith is a Delaware corporation with its principal place of business in Milwaukee, Wisconsin.

3. Upon information and belief, defendant Oerlikon Balzers is a Delaware corporation with its principal place of business in Schaumburg, Illinois.

4. Upon information and belief, defendant Oerlikon Fairfield is an Indiana corporation with its principal place of business in Lafayette, Indiana.

5. Upon information and belief, defendant Oerlikon Leybold is a Delaware corporation with its principal place of business in Export, Pennsylvania.

## JURISDICTION

6. This Court has jurisdiction over the subject matter of this action because this is a civil matter arising under the trademark laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred by 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

7. This Court has pendant jurisdiction over all related claims in accordance with 28 U.S.C. § 1338(b).

8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to A. O. Smith's claims occurred in this judicial district and there is personal jurisdiction over each of the Oerlikon Defendants in this judicial district.

9. This Court has personal jurisdiction over each of the Oerlikon Defendants because each of them uses their infringing marks within Wisconsin and this judicial district, causing injury to A. O. Smith within Wisconsin and this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Since its founding in 1874 as a family business on the north side of Milwaukee, A. O. Smith has been a leading manufacturer of a variety of commercial and residential products. A. O. Smith started out manufacturing parts for baby carriages and bicycles, and by the turn of the last century expanded its business to become a leading manufacturer of steel frames for automobiles. Over time the company continued to expand its business into a wide variety of product lines, including coated welding rods, high-pressure vessels used for chemical processing and oil refining, glass fibers, glass-lined storage tanks, a wide variety of motor products, and components for air conditioning and heating units. Today A. O. Smith is the largest manufacturer of residential and commercial water heaters in the United States and a leading manufacturer of inorganic coatings for automotive, appliance, and metallurgical products.

11. In 2008, as part of a major rebranding effort, A. O. Smith rolled out a new trademark for its company: "Innovation has a name." A representative sample of the current version of that trademark is shown below.



12. In preparation for that rollout, A. O. Smith applied with the U.S. Patent and Trademark Office ("PTO") for federal registration of the mark "A. O. Smith Innovation has a name." The PTO granted that application on January 26, 2010. A copy of the registration information as it appears in the PTO's Trademark Electronic Search System ("TESS") database is attached as **Exhibit A**.

13. On February 8, 2010, A. O. Smith applied for federal registration of the mark "INNOVATION HAS A NAME". The PTO granted that application on February 19, 2013. A copy of the registration information for this mark as it appears in the PTO's TESS database is attached as **Exhibit B**. Hereafter, the marks "A. O. Smith Innovation has a name." and "INNOVATION HAS A NAME" will be referred to as the "Registered Marks."

14. Starting in 2008, A. O. Smith began using the Registered Marks to promote its products, and since that time has expanded its use of the Registered Marks throughout its advertising and marketing materials, including among other things, print ads, flyers, brochures, video promotions, promotional products, price books, distribution kits, product guides, and its Internet websites. A copy of the current homepage for A. O. Smith's domestic website displaying the Registered Marks is attached as **Exhibit C**. Copies of representative samples of A. O. Smith's uses of the Registered Marks in its advertising and promotions are attached as **Exhibit D**. Since 2008, A. O. Smith has spent millions of dollars on advertising, marketing materials, and promotions bearing the Registered Marks.

15. Upon information and belief, the Oerlikon Defendants are subsidiaries of the Swiss conglomerate OC Oerlikon Corporation AG (the "Oerlikon Group"). The Oerlikon Group and its many subsidiaries around the world are involved in the manufacture and sale of a

4

4847-6466-6131.5

Case 2:13-cv-00589-NJ    Filed 05/28/13    Page 4 of 10    Document 1

wide variety of products, including coatings, components for motors, vacuum products, and heating and air conditioning components.

16. Recently, the Oerlikon Group and its subsidiaries, including each of the Oerlikon Defendants, began using the mark "Innovation has a name" to advertise and promote their products within the United States. Indeed, another entity in the Oerlikon Group, Oerlikon Vermögens-Verwaltungs ("Oerlikon Germany"), has filed multiple applications for federal registration of that mark. The PTO has not granted those applications because of A. O. Smith's prior pending trademark application for the 'INNOVATION HAS A NAME" mark.

17. Oerlikon Balzers manufactures and sells a variety of coating products, including coatings for compressors, pumps and valves, and uses the mark "Innovation has a name" to advertise and promote those products. A copy of that mark as it appears on Oerlikon Balzers' website is shown below.



18. Oerlikon Fairfield manufactures and sells a variety of gear and drive products for motors and machinery, and uses the mark "Innovation has a name" to advertise and promote those products. A copy of that mark as it appears on Oerlikon Fairfield's website, is shown below.



19. Oerlikon Leybold manufactures and sells a variety of products, including pumps, valve and gauges for cooling and air conditioning products, and uses the mark "Innovation has a name" to advertise and promote those products. A copy of that mark as it appears on Oerlikon Leybold's website is shown below.



20. The Oerlikon Defendants were well-aware of A. O. Smith's pre-existing Registered Marks before they adopted the "Innovation has a name" mark to advertise and promote their products, and they are using that mark in intentional or reckless disregard of A. O. Smith's rights. A simple Google search on the phrase "Innovation has a name" would

6

4847-6466-6131.5

have returned results showing A. O. Smith's use of its Registered Marks and revealed that the Oerlikon Defendants' uses would constitute trademark infringement.

21. In a filing with the New Zealand trademark office, Oerlikon Germany represented that in 2010 it performed a trademark search on the phrase "Innovation has a name" in advance of filing its trademark applications. A simple search would have revealed A. O. Smith's uses of its Registered Marks. Upon information and belief, the Oerlikon Defendants performed a similar search before beginning use of "Innovation has a name" in the U.S. and those searches revealed A. O. Smith's uses of the Registered Marks and the fact that the Oerlikon Defendants' uses would cause a likelihood of confusion among consumers regarding the Oerlikon Defendants' affiliation or association with, connection to, or sponsorship by, A. O. Smith.

22. In fact, if one enters the phrase "Innovation has a name" on the Google search engine today, the first search result is for the Oerlikon Defendants' website, while the second result is for A. O. Smith's website, despite A. O. Smith's senior use of the Registered Marks. A copy of the search results for a current Google search on the phrase "Innovation has a name" is attached as **Exhibit E**.

## COUNT I
### INFRINGEMENT OF REGISTERED TRADEMARKS
### IN VIOLATION OF 15 U.S.C. § 1114

23. A. O. Smith hereby realleges each and every allegation set forth in paragraphs 1 through 22 of this Complaint.

24. Oerlikon Balzers, Oerlikon Fairfield, and Oerlikon Leybold have each used in interstate commerce a colorable imitation of A. O. Smith's Registered Marks.

25. The uses by Oerlikon Balzers, Oerlikon Fairfield, and Oerlikon Leybold of A. O. Smith's Registered Marks are likely to cause confusion as to the sponsorship, affiliation, connection, or association between those defendants and A. O. Smith, and thus constitute infringement of A. O. Smith's Registered Marks in violation of 15 U.S.C. § 1114.

26. As a direct and proximate result of the unlawful acts described above, A. O. Smith has been damaged in an amount to be determined at the time of trial.

27. Oerlikon Balzers, Oerlikon Fairfield, and Oerlikon Leybold are infringing the Registered Marks knowingly, willfully, and in bad faith.

28. Unless enjoined by this Court, the unlawful acts described above will continue to cause irreparable damage, loss, and injury to A. O. Smith for which it has no adequate remedy at law.

## COUNT II
## TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(A)

29. A. O. Smith hereby realleges each and every allegation set forth in paragraphs 1 through 28 of this Complaint.

30. The uses by Oerlikon Balzers, Oerlikon Fairfield, and Oerlikon Leybold of the mark "Innovation has a name" to advertise and promote their products is likely to cause confusion as to the sponsorship, affiliation, connection, or association between those defendants and A. O. Smith, and thus constitutes trademark infringement in violation of 15 U.S.C. § 1125(a).

31. As a direct and proximate result of the unlawful acts described above, A. O. Smith has been damaged in an amount to be determined at the time of trial.

32. Oerlikon Balzers, Oerlikon Fairfield, and Oerlikon Leybold are engaging in the unlawful acts described above knowingly, willfully, and in bad faith.

33. Unless enjoined by this Court, the unlawful acts will continue to cause irreparable damage, loss, and injury to A. O. Smith for which it has no adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

34. A. O. Smith hereby realleges each and every allegation set forth in paragraphs 1 through 33 of this Complaint.

35. The conduct of Oerlikon Balzers, Oerlikon Fairfield, and Oerlikon Leybold as detailed herein constitutes trademark infringement and unfair competition under Wisconsin common law.

36. The actions of Oerlikon Balzers, Oerlikon Fairfield, and Oerlikon Leybold have caused and will continue to cause A. O. Smith damage and irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE A. O. Smith prays for an order and judgment that:

A. The Oerlikon Defendants, and anyone acting on their behalf, be permanently enjoined from using the phrase "Innovation has a name" or any similar phrase in any advertising, marketing, promotional, or informational materials, including their Internet websites.

B. In accordance with 15 U.S.C. § 1118, the Oerlikon Defendants deliver up for destruction any and all advertisements and marketing and promotional materials in their possession or under their custody or control that use the phrase "Innovation has a name" in connection with the sale of their products.

9

4847-6466-6131.5

C. In accordance with 15 U.S.C. § 1116, the Oerlikon Defendants file with the Court and serve on A. O. Smith a report in writing and under oath setting forth in detail the manner and form in which they have complied with the Court's order in this action.

D. A. O. Smith be awarded damages realized as a result of the Oerlikon Defendants' infringement of A. O. Smith's trademarks.

E. A. O. Smith be awarded treble damages and its reasonable attorney fees pursuant to 15 U.S.C. § 1117 and as otherwise permitted by law.

F. A. O. Smith be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated this 28th day of May 2013.

        s/Jeffrey A. Simmons
        Jeffrey A. Simmons
        Eric J. Hatchell
        **FOLEY & LARDNER LLP**
        150 E. Gilman Street
        P.O. Box 1497
        Madison, WI 53701-1497
        (608) 257-5035 (telephone)
        (608) 258-4258 (facsimile)

        *Attorneys for Plaintiff*
        *A. O. Smith Corporation*

10
4847-6466-6131.5
Case 2:13-cv-00589-NJ   Filed 05/28/13   Page 10 of 10   Document 1